[S. F. No. 1116.  Department Two.—April 14, 1899.]

STANLEY A. SAMUELS et al., Respondents, v. CALIFORNIA STREET CABLE RAILWAY COMPANY, Appellant.

NEGLIGENCE—PASSENGER THROWN FROM STREET-CAR.—In an action by a husband and wife to recover damages for personal injuries sustained by the wife in being thrown from a cable-car in rounding a curve, evidence showing that the injured plaintiff was accustomed to ride upon the cable-cars of the defendant, and that at the time of the injury the car was run at an unusually rapid rate of speed, and that it went round the corner with a jerk, and that upon this occasion, not she alone, but also another woman sitting by her side was thrown from her seat and a child was hurled to the ground, is sufficient to sustain a verdict for the plaintiffs.

ID.—INSTRUCTION—RELEVANCE OF EVIDENCE—PLEADING.—Under a complaint charging that the injury was caused by the negligent operation of the car at a high rate of speed, evidence that the swift motion of the car was accompanied by sudden jerks which caused the fall, is relevant and pertinent, and an instruction that such evidence should be disregarded by the jury is properly refused.

ID.—DAMAGES—PLEADING—EVIDENCE—UTERINE TROUBLE.—Evidence of uterine trouble brought upon the injured plaintiff by the accident is admissible under the general averments of bodily injury of a continued and permanent nature, and resulting damage.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

R. R. Bigelow, and Henley & Costello, for Appellant.

Reddy, Campbell & Metson, for Respondents.

THE COURT.—This is an action brought to recover damages for bodily injuries sustained by Raquel Samuels in being thrown from a car of defendant. The car was a cable-car. Mrs. Samuels was riding upon the "dummy"—an outside seat at the front end of the car. In rounding a curve, passing from O'Farrell street into Jones street, Mrs. Samuels fell or was hurled from the car, striking the ground and sustaining the injuries for which damages are sought. The complaint alleges that the car was "run with great, unusual, and terrific force and speed" around the corner, and that in consequence of this unusual speed she was thrown from her seat.

1. Appellant contends that the evidence fails to establish that the accident occurred by reason of its negligent management of the car, and that it does show that respondent was injured through her own carelessness. Upon this the evidence is unsatisfactory. Nevertheless, it appears that Mrs. Samuels was accustomed to ride upon the cars of this company, and that upon this occasion not she alone, but another woman sitting by her side was thrown from her seat, and a child also was hurled to the ground. This showing, taken with the testimony of Mrs. Samuels that the car was at the time run at an usually rapid rate of speed, and that it went around the corner with a jerk, is sufficient in support of the verdict.

2. The complaint charging that the accident was caused by the negligent operation of the car at a high rate of speed, defendant asked an instruction that the jury should disregard any or all evidence to the effect that the fall was occasioned by a sudden jerk or lunge of the car. The court declined to give the offered instruction. There was in this no error. If, as Mrs. Samuels testified, the swift motion of the car was accompanied by sudden jerks, such testimony was pertinent under her

pleading, and was proper for the consideration of the jury.   It would be impossible in the case of an accident of this kind to say whether it was occasioned alone by the rapid motion of the car in rounding the curve, or whether it was occasioned by that motion and the accompanying jerks.   The swaying, jerking, or jumping of a slow-moving car might be of little danger to its passengers, while they might be elements of considerable danger if the car were moving at a high rate of speed.   Within the averment of the complaint, testimony as to the jerky motion of the car was admissible, and, being admissible, the court was clearly right in refusing to exclude this evidence from the consideration of the jury.

3.  The complaint averred that Mrs. Samuels, by reason of the accident, "was rendered unconscious for a long period of time, and received great bodily injury, and was made sick, sore, lame, and disabled for a long period of time, to wit, from thence hitherto, during all of which time she thereby suffered great pain, and was thereby then and there hindered and prevented from attending to her business and domestic affairs, and has ever since remained and continued sick, sore, lame, and disabled, and has suffered, and still continues to suffer, great pain of body and anguish of mind, and is informed and believes that said injuries are of a permanent nature."   Under this averment evidence was admitted of a uterine trouble brought upon Mrs. Samuels by the accident.   Such evidence was admissible under the general averment of bodily injury and resulting damage. (*Treadwell v. Whittier*, 80 Cal. 574; 13 Am. St. Rep. 174; *Montgomery v. Lansing etc. Ry. Co.*, 103 Mich. 46; *Denver etc. Ry. Co. v. Harris*, 122 U. S. 597.)

The judgment and order appealed from are therefore affirmed.

Hearing in Bank denied.