### THE DONK BROS. COAL AND COKE COMPANY

*v.*

### EDWARD H. STROETTER.

*Opinion filed October 23, 1907.*

1. EVIDENCE—*what is necessary to make wife a competent witness as husband's agent.* To make a wife a competent witness under the provision of section 5 of the Evidence act relating to business transactions conducted by a married woman as the agent of her husband, it must appear that the wife was authorized to conduct some business transaction for the husband which she did conduct; and the mere fact that she had a conversation with a party, as the alleged agent of her husband but without transacting any business, is not sufficient.

2. SAME—*what admissible in action on common counts for commissions.* In an action of assumpsit on the common counts to recover commissions for securing options on coal lands, where the plaintiff claims that he was to fix his own commissions and also that the defendant corporation's president agreed to pay him five dollars per acre, but the defendant claims that the price agreed upon was fifty cents per acre, evidence as to the value of the land and also of the reasonable value of the plaintiff's services is admissible.

3. PLEADING—*when a party cannot avail of a variance.* A defendant to an action of assumpsit on the common counts who submits to the jury, in an instruction, the right of the plaintiff to recover on a *quantum meruit,* cannot afterwards be heard to object that there was no count upon a *quantum meruit* in the declaration.

4. APPEALS AND ERRORS—*clear error which may have influenced verdict requires reversal.* Error in permitting the plaintiff's wife to testify to a conversation with the defendant corporation's president which tends to support her husband's testimony and to discredit that of the defendant's president is ground for reversal, where the verdict of the jury was necessarily dependent largely upon the credit of those two witnesses.

5. SAME—*when failure of the jury to specify counts upon which they found the verdict is not harmful.* Failure of the jury, in an action of assumpsit on the common counts, to specify the counts upon which they found their verdict is not ground for reversal, where they specified the items of the bill of particulars which they found in favor of the plaintiff and no objection to the form of the verdict was made by the defendant.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

Appellee recovered a judgment against appellant in the circuit court of St. Clair county in an action of assumpsit on the common counts, which has been affirmed by the Appellate Court, and the defendant prosecutes a further appeal to this court.

The appellant was engaged in mining coal, and the suit was for services in securing for appellant options for the purchase of coal lands, and other services and expenses. A bill of particulars was filed consisting of eleven items, the first for commissions for buying 2219.40 acres of coal at Collinsville and Maryville, $11,079; the third for commissions on 2319.80 acres at Edwardsville, which was turned over to appellant under promise of $5 per acre, $11,599; the. ninth for ten days' time in examining coal lands around the Nigger Hollow mines, $100. The other eight items, amounting to $883.05, need not be further noticed, since the jury found for the defendant as to all of them. The ninth item ($100) was admitted by appellant to be correct. Appellant claimed that the first item, for commissions on the Collinsville and Maryville tracts, had been settled, and the jury sustained this view by including nothing for this item in their verdict. The only question of fact which was contested as to which the finding was not in favor of appellant was in regard to the amount of the commission on the 2319.80 acres in the Edwardsville tract. As to all other

items the finding was in favor of the appellant. Appellant claimed the commission was to be fifty cents per acre, while appellee claimed $5 per acre. The jury allowed $1.50. The appellant admitted an indebtedness of $1314.16, and asked that the jury be instructed to return a verdict for the plaintiff for that amount, which was refused. The verdict was as follows: "We, the jury, find the issues for the plaintiff and assess his damages at $1.50 per acre for 2319.80 acres. We, the jury, find for the plaintiff for ten days' work for examining coal fields, amounting to $100, in and about Nigger Hollow mine, making a total of $3579.70. And we further find for the defendant on the other counts." Deducting from the verdict the additional dollar per acre which the appellant contests, reduces the amount to $1259.80,—a sum slightly less than the amount appellant admits to be due. The inquiry is therefore limited to the question whether there was error in the proceedings affecting the finding of the jury in regard to the rate of commission for the 2319.80 acres.

THEODORE RASSIEUR, WHITNELL & FORMAN, and L. D. TURNER, for appellant.

DILL & PFINGSTEN, and SCHAEFER, FARMER & KRUGER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee gave testimony tending to show a contract to secure the options for the 2319.80 acres at a price for his services to be fixed by appellee. He also testified to another conversation with the president of appellant tending to show an agreement to pay him $5 per acre. The appellant's evidence tended to show an agreement for fifty cents per acre. These conversations were between appellee and E. C. Donk, the president of appellant. Their accounts of the conversations differed very materially and anything affecting the credibility of either was important, for the jury

were compelled to base their verdict chiefly on the testimony of these two witnesses.

The court permitted appellee's wife to testify, over appellant's objection, to a conversation with Mr. Donk tending to show a promise to pay the appellee $5 per acre for securing these options. The statute makes the wife competent to testify for or against her husband "in all matters of business transactions where the transaction was had and conducted by such married woman as the agent of her husband." But in this case no transaction was had and conducted by Mrs. Stroetter. She testified that her husband sent her to Mr. Donk's office, and she had this conversation with Mr. Donk as the agent of her husband. But she conducted no business. To make a wife a competent witness under this clause it should appear that she was authorized by her husband to conduct some business transaction for him which she did conduct, and then she may testify. It was error to overrule the defendant's objection to her testimony. It is true the jury did not find in favor of the plaintiff for the $5 per acre he claimed, but neither did they find in favor of the fifty cents per acre which the defendant claimed. Their finding was necessarily dependent largely on the credit of these two witnesses. If Mr. Donk's credit had not been attacked by Mrs. Stroetter's testimony to an inconsistent statement out of court, we cannot know that the jury would not have accepted his version of the conversations with Mr. Stroetter and found the commission was to be only fifty cents instead of fixing it at $1.50 per acre. Where a clear error appears which may have influenced the verdict, an appellate court must reverse the judgment.

The evidence as to the value of the coal lands was competent as bearing upon the value of appellee's services. If appellee's compensation was to be fixed by himself, then evidence of the reasonable value of his services was competent.

The objection of a variance is not available to appellant. In its fifth instruction it submitted to the jury the right of

the appellee to recover on a *quantum meruit*, and cannot therefore now be allowed to object that there was no count upon a *quantum meruit* in the declaration. When both parties have procured the court to instruct the jury as to the law on the state of facts disclosed by the evidence and to direct a verdict to be returned in accordance with their respective rights on such state of facts, neither can complain that the facts proved were not within the allegations of the pleadings. *Illinois Steel Co.* v. *Novak*, 184 Ill. 501; *Illinois Central Railroad Co.* v. *Latimer*, 128 id. 163; *Consolidated Coal Co.* v. *Haenni*, 146 id. 614.

For the same reason the objections taken to the first and second instructions given for the appellee are not valid, and the fourteenth and fifteenth instructions were properly refused. There was evidence tending to show that no fixed rate of compensation was agreed on. Appellee's third instruction related only to the 2219.40 acres, as to which the verdict was in favor of appellant, and therefore could not have been injurious to it. The appellant's sixteenth instruction was properly refused, because there was evidence tending to sustain other counts than those mentioned in it. The refusal of appellant's eighteenth instruction to find for the defendant on the count for goods sold did it no harm, nor did the failure of the jury to specify the counts upon which they found their verdict. They stated the items on which they found for the plaintiff, and it does not appear that the appellant made any objection to the verdict when it was received. The designation of the counts found for or against it could have been of no benefit to the appellant under the pleadings in this case. The objection that the hypothesis of appellee's fourth instruction has no foundation in the evidence is not sustained by the record.

For the error in admitting the testimony of appellee's wife the judgment will be reversed and the cause remanded.

*Reversed and remanded.*