[S. F. No: 11645. In Bank.—November 22, 1927.]

## J. L. LAGOMARSINO, Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

[1] NEGLIGENCE — PERSONAL INJURIES — DAMAGES — VERDICT.—In an action for damages for personal injuries alleged to have occurred through the negligence of the defendants in a collision between a truck upon which the plaintiff was riding and the street-car of one of the defendants, in which the street-car struck the truck with such violence as to throw the plaintiff to the ground, from which he suffered concussion of the brain, sustained a cranial fracture four inches in length on the left side of his head and received a severe cut on the left ear, incapacitating him for several months and from which he suffered temporary deafness, ˙ dizziness, and loss of general strength for something like eight months, and at the time of the trial had not regained his former vigor nor former robust health, but suffered recurrent headaches, dizziness, and other ailments since his injuries which did not distress him before the collision, under the facts it cannot be held as a matter of law that a verdict in the amount of $5,120.25 was the result of passion or prejudice or was excessive.

[2] ID. — CONTRIBUTORY NEGLIGENCE — FELLOW EMPLOYEE. — In an action for damages for personal injuries sustained by one riding on a truck at the time of its collision with a street-car, the contributory negligence of the driver of the truck, a fellow employee of the plaintiff, if he were guilty of such, was not attributable to the plaintiff.

[3] ID. — FAILURE OF JURY TO HEAR COMPLAINT — INSTRUCTIONS ON ISSUES.—In an action for damages for personal injuries, the fact that the jury did not hear the complaint read is not conclusive of the assumed fact that the jury was not aware of the material issues alleged therein, where the court in its instructions sufficiently informed the jury as to the issues presented by the case.

[4] ID.—PLEADING—DAMAGES.—In an action for damages for personal injuries alleged to have resulted from negligence, where the

---

1. What is excessive verdict for personal injuries not resulting in death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915F, 30; 46 A. L. R. 1281. See, also, 8 Cal. Jur. 838; 8 R. C. L. 675 et seq.

2. Imputed negligence as between servant and fellow-servant, note, 110 Am. St. Rep. 287. See, also, 20 R. C. L. 150.

4. See 8 Cal. Jur. 885–888; 8 R. C. L. 611.

complaint alleges damages, except as to hospital and medical care, in general terms, this is a sufficient pleading.

[5] Id. — Evidence — City Ordinance—Carrying Sand for Slippery Railroad Tracks.—In an action for damages for personal injuries received in a collision between a truck and a street-car, there was no error in admitting in evidence a city ordinance requiring street-cars to be equipped with a sand-box containing sand at each end of the car and so arranged as to release sand upon the rails as weather conditions required.

[6] Id. — Cross-examination — Speed of Car.—In such a case, where one of the principal questions was whether or not the motorman had violated the speed limit, as fixed by the city ordinance, and the capability of the car or a similar car to acquire speed had some relevancy to the position assumed by defendants on that issue, it was not error to permit a lengthy examination of the motorman as to the speed which it was possible for a car such as was in his charge to attain.

---

(1) 17 C. J., p. 1096, n. 92; 36 Cyc., p. 1601, n. 18, p. 1605, n. 31. (2) 45 C. J., p. 1304, n. 31; 36 Cyc., p. 1560, n. 74. (3) 38 Cyc., p. 1610, n. 95. (4) 17 C. J., p. 1007, n. 20. (5) 36 Cyc., p. 1587, n. 32. (6) 36 Cyc., p. 1594, n. 76.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon, Walter H. Linforth and Enid Childs for Appellants.

Ralph H. Lachmund and Ford, Johnson & Bourquin for Respondent.

SEAWELL, J.—This appeal is from a judgment in the sum of $5,120.25 entered upon the verdict of a jury trying said cause against appellants and in favor of respondent on account of injuries and damages sustained by respondent as the proximate result of a collision between a heavy automobile truck owned and operated by the Shell Company of California and upon which respondent, while engaged in the course of his employment, was seated by the side of the driver of said truck, and a street-car operated by defendant

corporation, which was in charge of appellant Harpe, the motorman.

[1] The collision occurred at the intersection of Ninth Avenue and Clement Streets, in the city and county of San Francisco, at about the hour of 11 o'clock A. M. on November 8, 1922. It was rather a dark day and hail had fallen but a short time before the collision occurred. The street-car was east bound on Clement Street and the truck was north bound on Ninth Avenue. The street-car came to a stop at the Eleventh Avenue intersection, but made no other inter-street stop and at the time it reached the middle of the block bounded by Tenth and Ninth Avenues, where it was first observed by plaintiff, it was moving at a rate of speed variously estimated from seventeen to thirty miles an hour. It was the testimony of the plaintiff that the motorman was not looking ahead of the car, but was engaged in conversing with a person standing by his side. The driver of the truck, upon observing the peril of the situation at a time when the street-car was some distance from the point where the truck was crossing Clement Street, blew a shrill whistle to engage the motorman's attention, but the motorman failed to arrest the momentum of said street-car and it struck the truck with violent force a few feet past its mid-section, throwing both occupants of the truck to the ground with such force that respondent suffered concussion of the brain, sustained a cranial fracture four inches in length on the right side of the head and received a severe cut on the left ear. He was incapacitated for several months and suffered from temporary deafness, dizziness, and loss of general strength for something like eight months. He had not at the time of the trial regained his former vigor and, while given lighter work by his employer at the same salary which he formerly received, he was not fully restored to his former robust health. We have given consideration to the objection made to the amount of damages awarded, but we are not able to say as a matter of law that the verdict in that respect is the result of passion or prejudice. There is some evidence that respondent has suffered from recurrent headaches, dizziness, and other ailments since his injuries which did not distress him before the collision. Under this state of the record we cannot disturb the jury's implied findings.

[2] If it could be said that the driver of the truck was guilty of contributory negligence, and this we are not permitted to say in view of conflicting evidence on the point, the negligence of the fellow-servant was not attributable to respondent. Neither do we find any error in the instructions which could have prejudiced the rights of appellants. The instructions fairly state the law of the case and the jury must have believed appellants guilty of actionable negligence upon the evidence adduced upon the trial, and was not misled to its prejudice by any claimed uncertainty, or want of clarity, or incorrect statement of the law by the trial court.

[3] We think there is no substantial merit in the point that the jury was not informed as to the issues of the case. The fact that the jury did not hear the complaint read, as stated by the court in its offer to permit the jury to take into the jury-room certain papers and exhibits, is not conclusive of the assumed fact that the jury was not aware of the material issues alleged therein. The court in its instructions sufficiently informed the jury as to the issues presented by the case. [4] The complaint alleged damages, except as to hospital and medical care, in general terms. This is a sufficient pleading under the authorities in this class of cases. (8 Cal. Jur. 885 et seq.) [5] The admission in evidence of the ordinance of the city requiring motor-cars to be equipped with a sand-box containing sand at each end of the car and so arranged as to release sand upon the rails as weather conditions require was without prejudice under any phase of the case. If the car was equipped with sand appliances and they were not used in bringing the car to a stop, such a failure might tend to establish negligence. On the other hand, if there were no such appliances and the city ordinance required them, that, too, would be a circumstance for the jury to consider with reference to the ability of the motorman to stop his car on a wet track within reasonable distances. [6] We find no error in permitting a rather lengthy examination of the motorman as to the speed which it was possible for a car such as was in his charge to attain. One of the principal questions in the case was whether or not the motorman had violated the speed limit as fixed by the city ordinance and the capability of the car or a similar car to acquire speed had some relevancy to the

position assumed by appellants on that issue. We find no reversible error in the record.

Judgment affirmed.

Richards, J., Shenk, J., Waste, C. J., Curtis, J., and Preston, J., concurred.

Rehearing denied.