[Civ. No. 7402. First Appellate District, Division One.—March 16, 1931.]

ESTHER KLEEM, Respondent, v. J. P. CHAPOT, etc., Appellant.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

Edmund J. Holl for Respondent.

TYLER, P. J.— Action for damages for personal injuries. The complaint in substance alleged that on the nineteenth day of February, 1928, plaintiff was a passenger on a street-car and at that time defendant negligently backed a truck which he was driving into said car, thereby

throwing the plaintiff against a certain stanchion, inflicting injuries to her back consisting of contusions and strained ligaments; she also alleged that she suffered a shock to her nervous system. She further claimed that in consequence of these injuries, she suffered adhesions of her kidneys and such injuries were permanent· in character. Damages were prayed for in the sum of $20,000. Trial was had before a jury which resulted in a disagreement.

Thereafter plaintiff filed an amended complaint, alleging that in addition to the injuries recited in her original complaint she suffered a disturbed menstrual function. A demurrer was filed to this complaint, but it was overruled. A second trial was had and the jury found for plaintiff in the sum of $6,695. Motion for new trial was made and denied.

This is an appeal from the judgment. ▉ As ground for reversal it is first argued that the trial court erred in overruling the demurrer to the amended complaint, for the reason that the amendment included an alleged injury which was barred by the statute of limitations. The amendment was made more than a year after the accident happened. It is claimed that the amendment states a new cause of action not found in the original complaint. We cannot agree to this contention as we are of the opinion that the amendment did not state a new cause of action, but on the contrary merely set forth more fully the cause of action alleged in the original complaint, and related back to the time of the commencement of the action. Where a cause of action is not changed, the time to which the statute of limitations runs is the filing of the original complaint. ▉ Then again evidence of the injury as set forth in the amended complaint could have been offered under the averments contained in the original complaint, as such evidence was admissible under the general averment of bodily injury and resulting damages. (*Samuels* v. *California St. etc. Ry. Co.*, 124 Cal. 294 [56 Pac. 1115].) ▉ Under general· averments as to injuries suffered, which are alleged to have been proximately caused by defendant's negligence, it is proper and competent for plaintiff to prove any specific injury which she might have sustained. It is sufficient if such injuries can be traced to the occurrence complained of and are such as might naturally result from the injury. (*Lathy*

v. *Wolfe,* 85 Cal. App. 332, 333 [259 Pac. 470].) ■ Appellant next contends that the verdict was contrary to the evidence as there was a failure to prove the damages alleged in the complaint as the proximate result of appellant's alleged negligence. It is also claimed that plaintiff's own testimony was inconsistent and contradictory concerning the injuries she claimed to have suffered. From a reading of the statement of plaintiff's evidence, we cannot escape the conclusion that it seems far from satisfactory, still there is ample evidence which if believed by the jury sustains the verdict. This being so, it is not our province to review or weigh the evidence in determining its character. ■ It was the province of the jury to pass upon all questions of conflicting evidence or inconsistent statements, or the credibility of witnesses, and its .verdict cannot be disturbed for insufficiency of the evidence where there is any evidence to support it. (*Zipperlen* v. *Southern Pac. Co.,* 7 Cal. App. 206 [93 Pac. 1049].) ■ Where a verdict is attacked for insufficiency of evidence, the power of the appellate court begins and ends with the inquiry whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusion reached by the jury. (*Treadwell* v. *Nickel,* 194 Cal. 243, 260 [228 Pac. 25]; *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709].) It is the province of the trial court to grant a new trial where there is an insufficiency of evidence to sustain a verdict. Here a motion was made for a new trial and it was denied. ■ Nor do we think, considering the nature of plaintiff's alleged injuries, that the verdict is excessive. If such injuries were the result of the accident, as the jury determined they were, the verdict is certainly not excessive. The question of excessive damages is one which is first addressed to the trial court, and appellate courts can interfere only when the damages are so exorbitant as to suggest, at first blush, passion, prejudice or corruption on the part of the jury. ■ Complaint is next made that the court erred in instructing the jury as to the maximum damages they might award plaintiff under the law as to the reasonableness of damages. In this connection it is claimed that the instructions upon this subject taken together justified the jury in concluding the court's meaning to be that any award even to the full

amount claimed would be reasonable. We have read the instructions and they admit of no such construction. (*Ellis v. Central California Trac. Co.*, 37 Cal. App. 390 [174 Pac. 407].)

For the reasons given, the judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1931.