[Civ. No. 8509. First Appellate District, Division One.—November 22, 1932.]

VIRGINIA ZARAFONITIS et al., Respondents, v. YELLOW CAB COMPANY OF ALAMEDA CO. (a Corporation), Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Ingemar E. Hoberg for Respondents.

THE COURT.—An action for damages for personal injuries alleged to have been caused by defendants' negligence. Plaintiff's injuries were due to the fact that an automobile operated by her was struck by a cab owned and operated by defendant corporation. A jury returned a verdict against the defendants above named, and defendant corporation has appealed from the judgment entered thereon.

As grounds for the appeal it is claimed that plaintiff and her counsel were guilty of prejudicial misconduct by stating in effect that appellant carried indemnity insurance, and that the trial court erroneously refused appellant's requested instruction on the matter of insurance.

During the course of the direct examination of plaintiff she was asked what physicians she had consulted regarding her injuries. In reply she named several, including Dr. Abbott. Later counsel for defendant corporation attempted to enumerate those whom she had mentioned, omitting, however, this doctor's name. The court thereupon corrected

counsel by saying "and Dr. Abbott". Following this questions were asked by plaintiff's counsel and the following answers given:

"Q. Now that examination by Dr. Abbott was for whom?

"A. That was for the other party, the other side.

"Q. And by whom do you mean?

"A. The insurance company for the Yellow Cab."

Counsel for appellant immediately assigned the last question as misconduct and asked that a mistrial be declared.

The court, however, admonished the jury to disregard the answer, stating that no insurance company was a party or interested in the action in any way, and that the jury had no right to consider that element. Thereupon appellant's counsel stated that he believed the jury would follow the court's instruction in the matter.

On cross-examination this witness was asked where she obtained the license number of one of the colliding automobiles, to which she replied that she obtained it from the insurance company. Following this reply and some discussion between counsel appellant's attorney made the following statement: "Well, let it go at that. I will state frankly—I might as well state it any way—there is an insurance company interested in this case along with the Yellow Cab, and I represent that." Subsequently several references were made to "the insurance company" by appellant's counsel.

It has been frequently held that answers of this character elicited by plaintiff's counsel, where presumably he knew what answers would follow his question, are prejudicial and ground for reversal, notwithstanding instructions that they be disregarded by the jury (*Citta* v. *Bava,* 204 Cal. 136 [266 Pac. 954]; *Rising* v. *Veatch,* 117 Cal. App. 404 [3 Pac. (2d) 1023]; but in view of the above the prejudice, if any, was more likely to have been caused by the statements and questions asked by appellant's counsel than by the conduct of plaintiff or her counsel, and we cannot say, in view of the court's admonition, that the jury would not have disregarded her first answer. Where evidence of facts likely to be prejudicial to a party are invited, or the facts are stated in open court by him, he is under well-settled principles in no position to complain (2 Cal. Jur., Appeal and Error, sec. 496, p. 846).

■ Appellant requested the following instruction, which was refused: "You are hereby instructed that upon your *voir dire* examination and during the trial of this case there have been certain remarks made concerning an insurance company. Upon arriving at your verdict you are instructed to disregard such remarks, and are further instructed that no insurance company is a party to or in any way interested in this action." As shown, counsel admitted in open court that an insurance company was interested in the case with appellant. While this was not a material fact, and the jury might properly have been so instructed, the instruction offered was directly contrary to the admission. This was sufficient to justify its refusal by the court.

The evidence supports the verdict, and after an examination of the entire record we are satisfied that no misconduct or error has been shown which would justify a reversal.

The judgment is affirmed.