[L. A. No. 14500. In Bank.—February 8, 1934.]

GWENDOLYN ASHLEY, Respondent, v. FRANK RIVERA et al., Defendants; A. J. PINNEY, Appellant.

Paul Nourse, Irving E. Read and Forrest A. Betts for Appellant.

Stuart McHaffie and Charles Rubin for Respondent.

PRESTON, J.—Action to recover damages for personal injuries received by plaintiff on June 11, 1929, about 11:40 P. M., as the result of a collision between the automobile in which she was riding as guest of defendant Pinney, and a city sprinkling truck driven by defendant Rivera. Defendant Rivera was driving the truck easterly on Seventh Street, Los Angeles. Defendant Pinney was driving westerly on said street, intending to make a left turn, southerly, into Lake Street. Before the turn was completed, the collision occurred. Plaintiff instituted this action against both of the above-mentioned parties. The evidence adduced, particularly that bearing upon issues of negligence, was highly conflicting in character. The jury found for defendant Rivera, but rendered a verdict against defendant Pinney, and in favor of plaintiff, in the sum of $5,000. Defendant Pinney thereupon appealed.

Appellant does not argue the insufficiency of the evidence to support the verdict and judgment, but reviews the evidence for the purpose of showing that the conflict therein is so great as to render prejudicial certain alleged errors, irrespective of whether they would otherwise be considered of sufficient strength to justify a reversal of the judgment.

■ Appellant contends that the court erred in admitting evidence to show the poverty of plaintiff and that the error was enhanced by counsel in arguing plaintiff's poverty to the jury. We have reviewed the entire record and find that this claim merits scant discussion. During the course of a rather lengthy inquiry into plaintiff's earning ability, which prior to the accident was substantial, she testified that she had been a widow for ten years and had supported both herself and her two children. Counsel, addressing the jury,

referred to her as "poor" and "not wealthy". It is patent that if this testimony and these remarks were out of order, the error was slight and could easily have been cured, had it been so requested, by proper instruction to the jury. At any rate, it is clear that appellant suffered no prejudice which would warrant a reversal of the judgment.

We are thus brought to the sole issue of substance on this appeal. It is appellant's claim that the court erred in admitting testimony, over his persistent objections, to prove an alleged offer of compromise and settlement in his behalf, showing the interest of his insurer in this cause and that, particularly under said direct conflict in the evidence, it constituted reversible error. The testimony complained of relates to defendant's exhibit 2, which purports to be a statement by plaintiff of the manner in which the collision occurred, concluding with the sentence: "I consider that the driver of the other car was solely to blame and that Mr. Pinney was not to blame in any way." Underneath this closing sentence, and in a different handwriting, are the words: "I read this and consider correct as near I can." This statement was brought into the case by counsel for appellant, during his cross-examination of plaintiff, in the following manner:

"Q. Mrs. Ashley, will you write on that piece of paper these words: 'I read this and consider correct as near as I can.' A. 'I read this and consider correct as near as I can.' Q. . . . That is sufficient. . . . Mr. Tilson: I would like to have a look at that too. Mr. Read: All right. I will ask you if this is your handwriting at the bottom of this piece of paper. Just look at the handwriting. A. Yes. Q. The answer is 'Yes.' Now, I will offer in evidence this statement on behalf of the defendant Pinney. Mr. M'cHaffie: We would like to have an opportunity before it is put in evidence to know when and where the statement was made and the circumstances, and why it wasn't signed. It is unsigned. . . . We want to know the reason why this statement is now presented and who presented the statement to the witness, and what their interest was in the matter under consideration, and its connection with this particular law suit. The Court: If it is not explained at this time, I will permit you to ask the questions. . . . I think I will admit it subject to any explanation the witness may make." The

statement was thereupon introduced in evidence and read to the jury.

When plaintiff was called for redirect examination, counsel for appellant asked the court to instruct plaintiff's counsel that they must not permit any evidence to be brought before the jury having reference to the question of insurance involved in the case, or else it would be assigned as prejudicial error. Plaintiff took the stand and was again shown the statement. She testified that she did not write it, but first saw it at her home, where it was brought by a man who stated he was the insurance broker or adjuster from the Automobile Club of Southern California. She then gave a detailed account of her conversation with this man. She testified that the statement had been prepared prior to his visit, that he induced her to write the above-quoted words at the close thereof and also tried to get her to sign it, that she refused to sign without having time to think the matter over; that he offered to settle with her for $600 or $800, stating that she could still make claim against the truck driver; that he returned the next day, but she did not answer the door and never saw him again.

After plaintiff rested her case, said insurance adjuster was called as a witness by defendants and gave his version of the visit with plaintiff. He testified that the statement was prepared in her apartment after she told him how the accident happened and, at his request, she wrote that it was correct; that he did not care whether she signed it; that he explained to her that Mr. Pinney's car was being repaired by the Automobile Club, which intended to seek reimbursement from the truck driver and stated that he would be glad to help her collect from the truck driver who, she said, was responsible for the accident. On cross-examination he testified that he did not make plaintiff any offer of settlement if she would sign the statement, as he had no authority to pay money anyway; that he was merely investigating the case.

Section 1854 of the Code of Civil Procedure provides: "When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence,

any other act, declaration, conversation, or writing, which is necessary to make it understood, may also be given in evidence.'' Section 2084 of said code permits cross-examination of a witness ''as to any facts stated in his direct examination or connected therewith''.

We fail to see how appellant can escape application of these sections to justify admission of the evidence in question by the trial court. When appellant introduced the statement, he opened the door to inquiry surrounding the facts and circumstances of its preparation and presentation to plaintiff. How this information could have been adduced without revealing the existence of insurance and the substance of the interview between plaintiff and said adjuster, is hard to see. Appellant is now in no position to complain that prejudice has resulted from his own act in introducing said statement into the record. It is also immaterial that the alleged objectionable matter was again mentioned upon cross-examination of the adjuster. It was already in the record and nothing of prejudice to appellant was added. Moreover, in view of the broad field opened up by the direct examination of the adjuster, we cannot say that said cross-examination exceeded its proper scope. We conclude that all the evidence of which appellant complains was pertinent to the explanation of said exhibit 2 and was invited by the introduction of said exhibit in evidence.

The question of reversible error growing out of the admission of evidence of this character must always be resolved upon the peculiar facts of the individual case; hence, we shall not cite the numerous authorities on the subject. The case of *Zarafonitis* v. *Yellow Cab Co.*, 127 Cal. App. 607 [16 Pac. (2d) 141], states a ruling similar to the above. The cases of *Citti* v. *Bava*, 204 Cal. 136 [266 Pac. 954], and *Squires* v. *Riffe*, 211 Cal. 370 [295 Pac. 517], are not in point as in both of them the inquiry which led to introduction of the objectionable evidence was opened by the plaintiff.

The judgment is affirmed.

Langdon, J., Curtis, J., Thompson, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.