[Civ. No. 9446.   First Appellate District, Division One.—June 21, 1935.]

JAMES FRANCIS LAFFERTY, a Minor, etc., Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

NELLIE LAFFERTY, Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellants.

Peter J. Mullins, Patrick J. Murphy and Alexander S. Keenan, Jr., for Respondents.

GRAY, J., *pro tem.*—The above-entitled actions, having arisen out of the same accident, were consolidated for trial. The jury returned verdicts, awarding Nellie Lafferty $3,000 and James Francis Lafferty, her minor son, $5,000 as damages against Market Street Railway Company and Joseph Bedford, its conductor, and thereupon judgments were entered accordingly. Their motions for new trials having been denied, the latter appeal from such judgments.

The Market Street Railway Company maintains and operates a double track street railway, running in a general northerly and southerly direction, on Guerrero Street in San Francisco. Steam railroad tracks of the Southern Pacific Company, extending in a general northeasterly and southwesterly direction, intersect the street railway tracks imme-

diately north of 26th Street. Northbound street cars cross 26th Street and stop with their rear ends clear of that street and in a position where each conductor may go forward to flag his street car over the railroad crossing. At the time of the accident, Nellie Lafferty, carrying in her left arm James Francis Lafferty, aged one and a half years, was waiting at this stop to board a northbound street car. While so waiting, she and Joseph Bedford, the conductor of such street car, collided and she and her baby were thereby knocked to the pavement with resultant injuries.

The testimony as to the manner and cause of such collision is sharply conflicting. Mrs. Lafferty testified that while she was standing still, clear of the approaching street car, Bedford, in alighting from the moving street car, swung out from its platform against her stomach, knocked her baby and herself to the ground, and fell on top of them. Bedford testified that when the street car was approaching within a foot of its regular stop he was standing on its step, turning to his left preparatory to alighting, when the street car stopped; that at the instant he turned towards the front of the car, Mrs. Lafferty stepped towards the car in preparation of boarding it when it stopped and that she came in contact with his left side, thereby precipitating herself and baby to the ground. The motorman of a following street car described the actions of Mrs. Lafferty and Bedford substantially as the latter did. Appellants contend their version of the accident is alone worthy of belief and since, accordingly, its sole cause was Mrs. Lafferty's negligence in stepping forward against Bedford standing on the step, the judgment must be reversed.

In support of the first premise they argue that her description of Bedford's movement is purely her conclusion and not her observation. To establish this, they point to her admission, on cross-examination, that she did not see his position on the street car before he swung out and did not see him until he hit her, and suggest that her inability to see was due to the obstruction of her vision by the baby, carried in her left arm. The distance traveled by Bedford in swinging from the moving car against Mrs. Lafferty's body was so short that its beginning and end were practically simultaneous. It is not surprising, therefore, that she could not fix his position on the street car as it moved towards her, but it does not follow that, because she did not see him at the start of his movement, she could not have seen him at its end.

Nor can it be said that the baby's body must have obscured her view in absence of evidence accurately fixing the relative positions of her eyes, his body and the approaching street car. The jury in the first instance, and the trial judge on the motions for new trials, were entitled to accept either version and their acceptance of Mrs. Lafferty's version as true cannot be here disturbed.

In support of their claim that the verdicts are excessive, appellants rely upon the testimony of two doctors regularly employed by the company. The first examined respondents four months and the other twenty-one months after the accident. Each, basing his opinion on his examination, testified that then Mrs. Lafferty showed no evidence of injury, and James Francis Lafferty appeared to be an average normal, healthy child. Her attending physician diagnosed Mrs. Lafferty's injuries as a very severe spraining of her back, with torn ligaments and with contusions on her hips, shoulders and back. She testified that she was confined to her bed for about two and a half months; that her back was strapped for one month and that she suffered pain, and still, two years after the accident, suffers pain when she does heavy housework.

An X-ray of the baby's skull, taken about a month after the accident, disclosed on the right side a lineal fracture in the parietal bone extending down into the petrous portion of the temporal bone. The same attending physician testified that while the baby was under his observation for three months, he was restless, slept poorly, vomited frequently and had headaches. His mother testified to a continuation, in a modified form, of these symptoms up to the time of trial.

In sustaining a larger verdict for injuries similar to those sustained by the mother, this court, in *Kleem* v. *Chapot*, 112 Cal. App. 553, 556 [297 Pac. 574], stated the rule here applicable, as follows: "Nor do we think, considering the nature of plaintiff's alleged injuries, that the verdict is excessive. If such injuries were the result of the accident, as the jury determined they were, the verdict is certainly not excessive. The question of excessive damages is one which is first addressed to the trial court, and appellate courts can interfere only when the damages are so exorbitant as to suggest, at first blush, passion, prejudice or corruption on the part of the jury." In *Lagomarsino* v. *Market Street Ry. Co.*, 202 Cal. 474 [261 Pac. 465], the Supreme Court refused to say

that an award equal to that given the baby for a similar head injury, with similar symptoms, suffered by an adult, was excessive.

■ Appellants assign numerous errors but their lack of novelty or importance does not warrant extended discussion. They claim that the voluntary statement of respondents' doctor, in his description of his treatments of Mrs. Lafferty's injuries, that ''I had to get somebody to nurse them because they were very poor people'' erroneously presented respondents' poverty to the sympathy of the jury. They also contend that the same doctor's reference to the possibility of Jacksonian epilepsy resulting from the baby's head injury invited the jury to award speculative damages. They further assert that the argument to the jury, based upon the fact that Bedford gave his company number when Mrs. Lafferty requested his name after the accident, was inflammatory. There is merit in respondents' argument that, under the record, such matters did not constitute error. However, the errors, if any, were cured by the court's timely action, at appellants' request, in striking out such testimony and argument and admonishing the jury to disregard the same. No prejudice was suffered, since the record does not show that the question of negligence was close, or that the verdicts were excessive, or that there was a deliberate and repeated effort to present improper matters to the jury.

■ Lastly, appellants claim that the trial court erred in denying their motions for new trials because of Mrs. Lafferty's misconduct and the untruthful answer of a juror on her *voir dire*. According to an affidavit filed by appellants, Mrs. Lafferty, as the jury was retiring to deliberate on its verdicts, changed her seat to a position where the jurors passed within two or three feet of her, bowed her head against her baby's head and moaned audibly in indication of grief. Mrs. Lafferty, in a counteraffidavit, denied such action. The action of the trial court upon these conflicting affidavits is conclusive. (*Chappell* v. *San Diego etc. Ry. Co.,* 201 Cal. 560 [258 Pac. 73]; *Patterson* v. *Keeney,* 165 Cal. 465 [132 Pac. 1043, Ann. Cas. 1914D, 232].) ■ From the affidavit of appellants' trial attorney, it appears that when the jurors were asked collectively by the court if any had ever presented a claim against the company, one juror made no response; that affiant, assuming her answer to be negative, accepted her and

that, since the return of the verdicts, he first learned that this juror had presented a claim against the company in 1924. There is no showing that the Market Street Railway Company did not know of the presentation of such claim by the juror, and therefore it would have been reversible error for the court to have granted a new trial upon this ground. (*Sherwin* v. *Southern Pacific Co.*, 168 Cal. 722 [145 Pac. 92].)

The judgments are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1935.