[Civ. No. 15301. Second Dist., Div. Two. Oct. 2, 1946.]

SIMEON D. BEEN et al., Appellants, v. THE LUMMUS COMPANY (a Corporation), Respondent.

Samuel A. Rosenthal for Appellants.

Syril S. Tipton for Respondent.

MOORE, P. J.—The question for decision is whether there was substantial evidentiary support for verdicts returned in favor of appellants for damages in their joint action for personal injuries, the trial court having entered judgment for respondent *non obstante veredicto.* Verdicts having been returned in favor of all the defendants except The Lummus Company, it moved for judgments notwithstanding the verdicts. Its motion having been granted plaintiffs appeal.

Appellants were employees of Richfield Oil Company, herein referred to as Richfield, at its plant near Wilmington. The area covered by the plant included about 40 acres on which were situate warehouses, tool houses and tanks. Also, it was traversed by numerous roadways used by Richfield's trucks in conveying men and materials from one point to another to make repairs and do construction work. Over one of these roads of hard surface and 25 feet in width the Richfield truck conveying appellants was traveling southerly about 5 p. m. on March 22, 1944. It had proceeded from the tool house towards a point at which they were to make certain repairs when suddenly the auxiliary cab in which appellants were seated was jerked to the ground causing the injuries complained of. The agency which thus interrupted the progress of the moving vehicle was a ⅝-inch cable which extended from

the winch of an A-frame truck of respondent, standing on the east side of the road, to a steel anchorage or "dead man" 50 feet west of the road. To the same "dead man" and above the small cable was tied a 2-inch cable which extended to a derrick used in connection with the construction of a thermal catalytic cracking unit east of the position of the A-frame truck. Within one hour prior to the arrival of the Richfield vehicle the small cable had been suspended and neither appellants nor Wilson, the driver of the truck, knew it was there. They were traveling at 15 miles an hour. No men were visible near the standing truck or the road although Wilson's view was unobstructed as he traveled the 200 feet north of the cable. There was nothing to warn him of the presence of the small cable except the cable itself, and as to it his vision was evidently blurred by the splash of green projected by a building near the road 100 yards south of the cables.

■ Whether the existence of a static agency or of a moving force is the proximate cause of an event is to be "decided largely on the special facts" of the given case. (*Louisiana Mutual Insurance Co.* v. *Tweed*, 7 Wall. (U.S.) 44 [19 L.Ed. 65].) ■ The determination of what was the proximate cause of a result is a question for the jury. (*Clark* v. *E. I. Dupont de Nemours Powder Co.*, 94 Kan. 268 [146 P. 320, Ann.Cas. 1917B 340, L.R.A. 1915E 479]; *Comstock* v. *Wilson*, 257 N.Y. 231 [177 N.E. 431, 76 A.L.R. 676].) This arises from the fact that the facts of different cases are so various that each presents a question of the amount and degree of care to be used, precautions to be observed and foresight to be exercised. (*Union Traction Co.* v. *Berry*, 188 Ind. 514 [121 N.E. 655, 658, 124 N.E. 737, 32 A.L.R. 1171].) ■ Proximate cause may be inferred from circumstances if they are such that different minds might reasonably draw different conclusions. And it is the function of the triers of fact to determine whether there was an intervening efficient cause. (*Wells* v. *Lloyd*, 6 Cal.2d 70, 86 [56 P.2d 517].) ■ If an owner is obliged to keep his premises in safe condition and to give adequate warning of a concealed defect in order to avoid injuries to his invitees, then surely the factual determination as to whether an invitee engaged in the performance of a contract was guilty of negligence in suspending a ⅝-inch cable across a private roadway is a function of the jury. ■ Liability for carelessly handling dangerous instrumentalities arises from failure to use due care, and such failure arises when the circum-

stances show that the actor had reason to know that his act was likely to produce injury to any person in the lawful pursuit of his own business and exercising reasonable care. (38 Am.Jur. § 85, p. 743.) ▇ When human life is at stake the rule of due care and diligence requires that without regard to difficulties or expense every precaution be taken reasonably to assure the safety and security of any person lawfully coming into the immediate proximity of the dangerous agency or device which is a peril to others. (*Bessemer Land & Improvement Co.* v. *Campbell*, 121 Ala. 50 [25 So. 793, 77 Am.St.Rep. 17] ; *Ashby* v. *Philadelphia Electric Co.*, 328 Pa. 474 [195 A. 887, 889].) ▇ One who causes the use of a dangerous instrument in a negligent manner, or under such circumstances that he has reason to know it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person not at fault. (38 Am.Jur. § 85, p. 743.) ▇ That which a man foresees is, as to him at least, natural and probable. (38 Am.Jur. § 58, p. 707.) No less a degree of care than that which is commensurate with the apparent danger is reasonable. (*Union Traction Co.* v. *Berry, supra.*)

▇ Respondent argues that because Wilson knew (1) that the construction of the catalytic cracking plant had caused the suspension of the larger cable, (2) that the Lummus employees were on the premises and using a truck with a winch and cable attachment, and (3) that during respondent's operations on the premises he had placed warning signs on the roadway, he was therefore negligent in driving against the small cable and that his negligence was the sole proximate cause of the injuries. But Wilson's testimony was that whenever an open ditch or a road was constructed or men were working in a certain area he "barricaded and lighted the roadway" or placed out warning signals. While he knew the larger cable extended across the road at the location of the A-frame truck, he also knew that his own truck and auxiliary cab had sufficient clearance for its safe passage. Although he observed respondent's truck standing beneath the big cable while he traveled the last 200 feet, there was no barricade, the men were concealed from his view, the small cable was not visible to him and no one had notified him that it had been or was to be suspended. The presence of a flag on the 2-inch cable was not essentially a notice that another cable had been strung across the road and that it constituted a peril to the Richfield truck or its occupants. A flag on a roadway is generally

deemed to be a warning to watch out for workmen or ditches or obstructions that might be encountered by an approaching vehicle. The jury reasonably inferred that the presence of the A-frame truck and the flag suspended from the large cable were not sufficient notice of the presence of the small cable. From such an inference the finding of Lummus' negligence was a logical sequitur.

Respondent at length arrays the items that might have been seen by Wilson and what they should have indicated to him; but those were for the consideration of the jury which found from all the evidence against respondent's contentions. Such finding being supported by substantial evidence was conclusive support for the judgment as against the motion of respondent.

Inasmuch as respondent's negligence was a proximate cause of the accident it was the sole proximate cause, since the failure of Wilson to see the small cable cannot be imputed to appellants. It is a familiar rule that negligence of the driver of a truck is not to be imputed to its occupants because they were his fellow employees. (*Lagomarsino* v. *Market Street Ry. Co.*, 202 Cal. 474 [261 P. 465]; *Ostertag* v. *Bethlehem Shipbuilding Corp.*, 65 Cal.App.2d 795, 801 [151 P.2d 647].)

Respondent's position is in effect a demand that this court consider the evidence, balance the facts and inferences favorable to appellants against those which support respondent's thesis and from a preponderance of the evidence determine that respondent's act was not a want of ordinary care and that the negligence of Wilson was the sole proximate cause of appellants' injuries. Such is the function of neither the appellate court nor of the trial court on a motion for judgment notwithstanding the verdict. To sustain a verdict as against such a motion the court is obliged to find only sufficient substantial support for it after excluding all unfavorable evidence and resolving all conflicts in favor of the plaintiff and considering the testimony and its legitimate implications in the light most advantageous to the verdict. (*Estate of Flood*, 217 Cal. 763, 768 [21 P.2d 579]; *Shannon* v. *Thomas*, 57 Cal.App.2d 187, 193 [134 P.2d 522].) The jurisdiction to grant such a motion is no greater than the power to grant a nonsuit. (*Neel* v. *Manning's, Inc.*, 19 Cal.2d 647, 649 [122 P.2d 576]; *Valentin* v. *La Societe Francaise, ante,* p. 1 [172 P.2d 359].)

Respondent's contention that it owed no duty to warn Richfield employees that it had strung the cable across a road

which it knew was in frequent use by such employees does not strike a responsive chord. A small cable across a roadway slightly above the range of the vision of a truck driver is not necessarily an obvious peril. It was not proved that such cables were customarily suspended on the Richfield grounds. Its presence therefore cannot be assimilated to the existence of open ditches along or across the roads or of unguarded implements or conveyances. It is the rule that such hazards may not be left exposed to passersby entitled to travel without suitable barricades or warnings. If respondent as invitee might have assumed the premises to be reasonably safe for the passage of its truck along the Richfield roadways without risk of injury to its employees (*Mendelsohn* v. *Van Herick,* 133 Cal.App. 612 [24 P.2d 878]), surely the reciprocal obligation was imposed upon respondent not to create hadards for appellants who were lawfully in the pursuit of their labors by suspending the ⅝-inch cable across a roadway on the Richfield grounds, at a height slightly above the head of the truck driver. To have done so without adequate notice or warning of its presence may be negligence, and if it is so found upon substantial evidence, and also that negligence proximately caused appellants' injuries, such finding must authorize a recovery for the plaintiffs.

The judgment is reversed with instructions to enter a judgment in conformance with the verdict.

McComb, J., and Wilson, J., concurred.