[Civ. No. 7445.   Third Dist.   Apr. 26, 1948.]

ALVIN E. OAKES et al., Respondents, v. W. E. BAKER, Appellant.

Peters & Peters for Appellant.

Curtiss E. Wetter and Rawlins Coffman for Respondents.

ADAMS, P. J.—This action was prosecuted by Alvin E. Oakes and Lula E. Oakes, his wife, on their own behalf, and as guardians *ad litem* for their two minor children, Melvin and James, to recover damages sustained by them in an auto-bile collision alleged to have been due to carelessness and negligence on the part of defendant W. E. Baker.

The complaint sets forth six causes of action: (1) Injury to plaintiff's automobile, (2) personal injury to Alvin E. Oakes, (3) personal injury to his wife, Lula E. Oakes, (4) personal injury to Melvin Oakes, a minor, (5) personal injury to James Oakes, a minor, and (6) moneys expended by the parents for medical expenses on behalf of the minor children, and loss of earnings.

The jury returned five verdicts as follows: In favor of Alvin E. Oakes and Lula E. Oakes in the sum of $2,333.33; in favor of Lula E. Oakes in the sum of $1,000; in favor of Alvin E. Oakes in the sum of $1,000; in favor of Melvin Oakes in the sum of $2,500; and in favor of James Oakes in the sum of $2,500. Judgment was entered accordingly, and a motion for a new trial having been denied, this appeal was taken, the points on appeal, as stated in appellant's brief, being that matters occurred at the trial which prejudiced the jury, causing it to return the verdicts in the amounts above stated. Appellant specifically sets forth that he does not question liability in the case. Furthermore, it is not con-tended that the amounts awarded the respective plaintiffs are excessive; but appellant states that the judgment should be reversed and a new trial granted (1) because there is no way to tell from the verdicts upon which cause of action any one of them is rendered, and (2) because of prejudicial statements made in the opening and closing addresses of plaintiffs' attor-ney, and by reason of certain questions asked by plaintiffs' attorney which it is claimed prejudiced the jury.

As for the first-mentioned ground no authority is cited by appellant; and as we see it, any uncertainty which might exist as to which of the causes of action the verdicts apply to is a matter which need not worry the defendant but is one to be resolved by the various parties plaintiff, who make no complaint. See 64 Corpus Juris, page 1076, sec-tion 880, citing *Donk Bros. Coal & Coke Co.* v. *Stroetter*, 229 Ill. 134 [82 N.E. 250, 252].

As for the alleged prejudicial statements of plaintiffs' counsel, though appellant does not claim that each one of

them constitutes reversible error, he asserts that all of them jointly resulted in the size of the verdicts rendered. The first is that an "inference of poverty" on the part of plaintiffs was injected into the case, because plaintiff Alvin E. Oakes was asked "Were you able financially to do all the things the doctor wanted you to do?" The record shows that defendant's counsel objected to this question, and his objection was sustained. It also shows that no request was made by defendant's counsel that the court instruct the jury to disregard it. Appellant relies upon *Ensign* v. *Southern Pacific Co.*, 193 Cal. 311 [223 P. 953]; *Hodge* v. *Weinstock, Lubin & Co.*, 109 Cal.App. 393 [293 P. 80], and *Smellie* v. *Southern Pacific Co.*, 128 Cal.App. 567 [18 P.2d 97], as holding that the admission of evidence of poverty in personal injury and property damage actions is error. This rule so stated may be conceded to be correct as a general proposition, but in the case before us such evidence was specifically excluded by the trial court, and plaintiffs' financial status was left unstated. The case, therefore, does not fall within the rule relied upon, but comes within that portion of the decision in *Hodge* v. *Weinstock, Lubin & Co., supra*, pp. 401-403, where the court said that there was no evidence of poverty, and even a statement that the plaintiff was needy did not constitute reversible error where there was no sufficient evidence in the case of such a condition; citing *Lawrence* v. *Southern Pacific Co.*, 189 Cal. 434, 444-445 [208 P. 966]. Also see *Lafferty* v. *Market Street Railway Co.*, 7 Cal.App.2d 698, 702 [46 P.2d 996]; *Ashley* v. *Rivera*, 220 Cal. 75, 76-77 [29 P.2d 199]; 122 A.L.R., pp. 1408-1415.

The second complaint of appellant is that counsel for plaintiffs attempted to discredit the doctor of defendant by making some comparison of the amount charged by him for his services and that claimed by plaintiffs for compensation for their physicians; but again it is admitted that objection to the question deemed to be objectionable was sustained by the trial court.

Appellant also complains that plaintiffs' counsel ridiculed counsel for appellant in his arguments to the jury; but no authority is cited holding that the statements made in this connection exceeded the bounds of propriety; and since the trial court denied the motion for a new trial, it must have been satisfied that no prejudice to defendant resulted from anything said by plaintiffs' attorney.

Finally, appellant asserts that he was prejudiced by an inference of insurance interjected into the case; but he fails to point out any portion of the record sustaining this contention, and we have found no place therein where insurance is mentioned or even implied.

In view of the fact that liability on the part of defendant is conceded, that the evidence in the case was conflicting, and that it is not contended that the verdicts were excessive, we are of the opinion that the grounds for reversal relied upon by appellant are trivial and fail to show prejudice justifying a reversal of the judgment. And we are constrained to say that the appeal is dangerously near to the frivolous.

The judgment is affirmed.

Schottky, J. pro tem., and Thompson, J., concurred.