[S. F. No. 11363. In Bank.—April 30, 1928.]

F. CITTI, Respondent, v. PIETRO BAVA, Appellant.

William M. Abbott, K. W. Cannon, J. E. Reardon and H. A. Gabriel for Appellant.

R. V. Bressani and D. T. Jenkins for Respondent.

SHENK, J.—This is an appeal by the defendant from a judgment on a verdict in favor of the plaintiff in an action for damages for personal injuries resulting from an automobile accident.

On the evening of September 26, 1922, the defendant was driving his six-passenger Haynes automobile from San Jose to San Francisco for the purpose of attending a wrestling match to take place the same evening. With him in the car as his guests were the plaintiff herein, R. Dei, who is the plaintiff in a case decided concurrently herewith, and two other men. The defendant drove his car through Cupertino and arrived at the intersection of the highway with Fremont Avenue at a point about ten miles north of San Jose, at which intersection the defendant's car collided with a Ford car driven by one Louis Aftergut. The plaintiff and Dei were injured and thereafter brought separate actions based on the alleged negligence of the defendant in the operation of the car at the time of the accident. The evidence was sharply conflicting as to the speed of the defendant's car at the time. According to the plaintiff's witnesses the defendant's car was traveling at a speed of fifty-five or sixty miles per hour. According to the defendant's witnesses the speed of said car was from fifteen to twenty-five miles per hour. The way in which the car overturned immediately after the impact indicates that the speed of the car was somewhere between the two estimates but not necessarily at an excessive speed under the circumstances shown. Whether the defendant's car ran into the Ford or the Ford ran into the defendant's car was also involved in a conflict of the evidence. The plaintiff and Dei were seated in the rear seat of the defendant's car and they testified that they admonished the defendant to slow down his

car just before the accident. The defendant and the two other occupants of the car testified that no such admonition was given and that there was no reason for anyone to complain of the way the defendant was then driving his car. The contributory negligence of the plaintiff was pleaded and was an issue at the trial.

The plaintiff called Louis Aftergut as one of his witnesses. Plaintiff's counsel over the repeated and insistent objections of the defendant, interrogated this witness at length concerning a compromise and settlement which had been made with him by the Olds and Stoller Inter-Exchange under an insurance policy, which company plaintiff's counsel was particular to bring out was not a company in which Aftergut had a policy of insurance. The plaintiff also called as his witness one Curtaz, who, the record shows, was acting on behalf of the insurance carrier, and elicited from him the information that he was the person who negotiated the settlement with Aftergut and that he was identified with the defense in the action.

The defendant is correct in his contention that it was error to admit evidence of the compromise and settlement. The record does not show any admission of the defendant of his liability independent of the settlement. Nor does it appear that the defendant himself made any offer of compromise to Aftergut or conducted any settlement negotiations with him. In fact the record discloses that the defendant had never had any dealings with Aftergut and that the settlement with the latter had been made by the insurance company. The evident purpose of counsel for the plaintiff was to prove the fact of the compromise and settlement with Aftergut by the insurance carrier of the defendant as an admission of liability on the part of the defendant and to get before the jury the fact that the defendant was indemnified by a policy of insurance. Independent of the fact of settlement there was no endeavor to prove an admission of liability by the defendant in connection with the compromise. The evidence of the settlement, alone, not connected up with any act or admission of the defendant and concerning which he had nothing to do was clearly inadmissible in evidence. The error in admitting it might not in and of itself require a reversal, but coupled with the avowed purpose and successful attempt

of plaintiff's counsel to get before the jury not only the fact of the settlement but also that the settlement was made by the insurance carrier of the defendant, puts the case in a position where section 4½ of article VI of the constitution will not save the judgment. The natural tendency of a line of examination that suggests to the jury that the defendant is indemnified against any judgment for damages against him is highly prejudicial to his rights, especially in a closely balanced case where the evidence otherwise would be easily sufficient on appeal to support a verdict either for the plaintiff or for the defendant. Such attempts on the part of counsel have frequently been held to be improper and prejudicial. (*Roche* v. *Llewellyn Iron Works*, 140 Cal. 563 [74 Pac. 147]; *Pierce* v. *Mutual Gas & Electric Co.*, 161 Cal. 176 [118 Pac. 700]; *Dameron* v. *Ansbro*, 39 Cal. App. 289 [178 Pac. 874]; *Arnold* v. *California Portland C. Co.*, 41 Cal. App. 420 [183 Pac. 171].)

From an examination of the record in this case it is impossible for us to state that the jury would not have found a different verdict, had the objectionable examination not taken place and the evidence not been admitted.

██ The court granted the motion of the defendant to strike out the testimony with reference to the settlement with Aftergut and instructed the jury to disregard the matter so stricken out. The plaintiff insists that this action of the court had the effect of curing whatever prejudice might have therefore existed by reason of the presence of such testimony in the record. We are satisfied that the nature of said evidence was such and the purpose of its injection into the record so apparent as not to have been effaced by the granting of the motion and the admonition of the court. Furthermore, the instruction of the court to disregard the testimony stricken out related to that portion which referred "to the settlement" and did not extend to that portion which referred to the defendant's indemnification. This fact furnishes an additional reason why it cannot be said that the objectionable evidence with reference to the insurance company had no prejudicial effect on the minds of the jurors. What the verdict would have been in the absence of this "false quantity" so introduced into the case is not possible of definite or even proximate ascertainment. (See *Keena* v. *United Railroads*, 197 Cal.

148, 158 [239 Pac. 1061]; *Wright* v. *Broadway Department Store*, 199 Cal. 562 [250 Pac. 572].)

The defendant complains of numerous instructions given by the court. They have been examined and are found to be free from just criticism with the exception of Instruction No. 12. In this instruction it is not made sufficiently clear that in order for the plaintiff to recover he must be free from contributory negligence on his part.

Finally, the plaintiff contends that as a motion for a new trial was denied, the court must have concluded that the defendant suffered no prejudice by reason of the reception of the objectionable evidence and that the decision of the trial court is controlling in the premises, citing *La Fargue* v. *United Railroads Co.*, 183 Cal. 720 [192 Pac. 538]. The case relied on did not go to the length contended for by the plaintiff. That case merely decided that under the facts there presented the conclusion of the trial court on the motion for a new trial should not be disturbed by the appellate tribunal. That such was the fact is accentuated by the dissenting opinion, a portion of which was quoted with approval in the case of *Keena* v. *United Railroads, supra,* at page 159 [239 Pac. 1061]. While it is true that the conclusion of the trial court on the motion for a new trial is entitled to much consideration its decision thereon is not conclusive on appeal. Indeed, by the amendment of section 963 of the Code of Civil Procedure in 1915 (Stats. 1915, p. 209), taking away the right of appeal from an order denying a motion for a new trial, the right to have a review of such order on an appeal from the judgment was preserved. (*Wilcox* v. *Hardisty,* 177 Cal. 752 [171 Pac. 947]; 2 Cal. Jur., p. 828.)

The judgment is reversed.

Richards, J., Preston, J., Langdon, J., and Waste, C. J., concurred.