[Civ. No. 7065. First Appellate District, Division Two.—December 9, 1929.]

MARY A. HASTY, Respondent, v. LOIS TREVILLIAN et al., Appellants.

Charles W. Haswell for Appellants.

Vincent W. Hallinan and Edwin M. Otis for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment for damages for injuries sustained from being knocked down by an automobile driven by one of the defendants. The defendants answered and a trial was had before the trial court sitting with a jury. The jury returned a verdict for $15,000 against the defendants. The defendants made a motion for a new trial. The court ordered the motion granted unless the plaintiff consented to reduce the verdict to $10,700. The consent was given and the motion was denied. From the judgment entered on the verdict as reduced the defendants have appealed and have brought up a typewritten record.

The accident occurred about 8 P. M. on the sixth day of August, 1927, at the intersection of Nineteenth Avenue and Noriega Street in San Francisco. There was evidence that the night was clear and that it was not dark.　When the jury was being selected the plaintiff asked several of them whether they owned stock or bonds in any insurance company engaged in writing indemnity insurance. Objections were interposed by the defendants but the objections were overruled. The rulings were not erroneous. (*Dougherty* v. *Ellingson*, 97 Cal. App. 87 [275 Pac. 456].)　Each of two other jurors was asked if he was similarly interested in the Independent Indemnity Company. Objec-

tions were made and overruled. It has also been held that the latter question, standing alone, is not error. (*Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646].) The defendants argue that if the verdict is excessive or the case made by the plaintiff is weak, such questions constitute prejudicial error. An examination of the record will disclose that the instant case cannot be said to fall within the rule last stated. As we have shown below, the verdict was not excessive; and the plaintiff introduced evidence tending to show that at the time of the impact the defendant driver was driving on her left-hand side of the street at a speed of forty-five miles per hour. If the jury believed that evidence then it cannot be said the case of the plaintiff was weak.

 While considering the alleged misconduct of the plaintiff's attorney it may be noted that certain statements, made by him while arguing the case, are also assigned as errors. (Rep. Tr., 218, 219.) We have examined them. The statements complained of were not errors but were legitimate argument.

 When Mrs. Leonhardt, the mother of one of the defendants, was on the stand, plaintiff's attorney asked her a question involving hearsay. An objection was made and sustained and the court admonished the jury to disregard the incident. Freely admitting that the question was erroneous under the circumstances delineated, we are unable to say that the trial court erred or that the attorney for the plaintiff was guilty of prejudicial misconduct.

 After the jury was impaneled and during a recess one of the jurors, Mr. Rodini, on his way home stopped at the scene of the accident and drew a diagram of the intersecting streets. He put the diagram in his pocket and later showed it to a fellow juror. However, that juror could not see because he did not have his glasses on. The defendants assert that the juror was guilty of misconduct in drawing the diagram and of exhibiting it to a fellow juror. When the incident was called to the attention of the trial court the trial court inquired into the whole matter with much care. It offered to send the entire jury to see the spot, but defendants objected. Assuming, for the purpose of this decision, that Mr. Rodini formed certain conclusions from what he saw at the scene of the accident, it is clear that such conclusions were not communicated to other jurors. The ver-

dict of the jury was unanimous. Without the vote of Mr. Rodini there were eleven jurors who voted for the verdict. It is plain that the defendants were not prejudiced by the incident.

The defendants attack many of the instructions given by the trial court. Instruction number 37 was a copy of the statute regarding the speed limit in traversing intersections. The defendants claim that the accident did not occur in an intersection, but three feet distant therefrom. But that was one of the controverted issues involved in the case. The defendants objected to instructions 41 and 42 because those instructions used the word "negligence" without following the same by such words as "if any." It is sufficient to state that neither instruction, when read together with all of the other instructions, may be said to instruct on a question of fact. (*Smith* v. *Hollander*, 85 Cal. App. 535 [259 Pac. 958].) In instruction number 40 the trial court instructed the jury that as the plaintiff started to cross Nineteenth Avenue she was bound to look in the direction in which traffic might legally be approaching and that when she passed the median line that it was her duty to look in the opposite direction. Of that instruction the defendants may not complain. It did not trespass on the functions of the jury. Instructions 12 and 27 used the expressions "injuries alleged" instead of "injuries proved." The plaintiff introduced some evidence to prove each alleged injury. Furthermore, she proved injuries not alleged, and she proved certain injuries to be permanent which were not alleged to be permanent. It cannot be seen that the error, if any, was in the least degree prejudicial to the defendants. Instruction 28 was as follows: "The fact that she was not in the receipt of any salary or wages, but was attending to her own business, does not deprive her of the right to compensation for the loss of her earning capacity, since it was what she was capable of earning, rather than what she was actually earning, that is to be considered by the jury. If by reason of the injury she has become unable to perform the labor or transact the business which she was accustomed to transact or perform prior thereto, she is entitled to recover damages therefor, and from the nature of the investigation, the amount of such recovery must be left to the wise discretion of the jury." The de-

fendants claim, in effect, that the last clause should read, " . . . she is entitled to recover as damages therefor, the amount that is *certain to result in the future.*" (Civ. Code, sec. 3283.) The contention is sound. Nevertheless, conceding that the instruction was erroneously worded, we think the defendants suffered no prejudice for two distinct reasons. Elsewhere the trial court had given other instructions on cognate subjects which fully advised the jury that it was not to indulge in conjecture or speculation, but should base its verdict solely on the law and the evidence. ■ In the second place, when the trial court commenced to instruct the jury it recited the allegations contained in plaintiff's complaint and the denials by the defendants. It recited the allegations that the plaintiff was seventy-nine years of age; that she had been, down to the date of the accident, engaged as a housewife receiving what amounted to $25 per month; that in the accident she suffered such injuries that, at the time of the trial which was held about one year thereafter, the plaintiff was wholly disabled from earning anything and that she " . . . will be damaged for the balance of her natural life in the sum of $25 per month." Mortality tables were introduced showing that her expectancy was five years. The plaintiff introduced evidence to prove her allegations. The defendants did not attempt to rebut that proof. On this element of damage the plaintiff was therefore entitled to recover $1500. The record wholly fails to show that the jury allowed more. ■ The defendants complain because instruction number 4 did not inform the jury that contributory negligence may be inferred from the testimony given on behalf of the plaintiff. The instruction dealt solely with a statement as to where the burden of proof rested. As to how contributory negligence may be proved or inferred was the subject matter of other instructions. The trial court did not err in failing to combine all of its instructions into just one instruction.

■ The defendants complain that the damages were excessive. An examination of the record discloses that the plaintiff suffered lacerations on the scalp, left elbow and on one leg. The last was very slow in healing. She sustained a fracture of the left collar-bone which, in due time, properly knitted. She sustained a comminuted fracture of the upper end of the tibia and the lower end of the femur in the

right leg. A poor setting was obtained and the knitting has resulted in a deformed leg on which the plaintiff will never be able to walk, but will be compelled to use crutches the rest of her life. The plaintiff also suffered three broken ribs and was also greatly bruised on her side. She was compelled to remain in hospitals over two months. Before the accident the plaintiff was hard of hearing. While at the hospital her hearing became much worse. At the time of the trial she testified that it was much worse than before the accident. Considering the injuries and the permanency of some of them a judgment in the sum of $10,700 cannot be said, as a matter of law, to be excessive. (*Bisinger* v. *Sacramento Lodge No. 6*, 187 Cal. 578 [203 Pac. 768].)

Finally, in two different forms the defendants assert that the plaintiff was guilty of contributory negligence. The defendants quote some of the evidence. They particularly stress the story as told by the plaintiff. As she was knocked unconscious, it is but reasonable to suppose that she may not be altogether clear regarding her statements of the facts. A disinterested eye-witness stood at his window looking directly at her. The most that can be said is that there was a conflict in the evidence. Under those circumstances we may not say that the plaintiff was guilty of contributory negligence as a matter of law, nor are we at liberty to disturb the verdict of the jury based on conflicting evidence.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1930.

Judgment was rendered in favor of the plaintiff, whereupon the defendant appealed to the Superior. Court, wherein judgment was entered in favor of the defendant, and the plaintiff appealed here.