[Civ. No. 9205. First Appellate District, Division Two.—June 27, 1934.]

ELIZABETH MUENCH, Respondent, v. AUGUST GERSKE, Appellant.

Golding, Hale, Crawford & Myers for Appellant.

Walter H. Linforth, William M. Cannon and Jesse H. Miller for Respondent.

SCHMIDT, J., *pro tem.*—Appellant appeals from the judgment upon the verdict of the jury in favor of respondent in her action for damages against appellant for injuries alleged to have been received by her on account of the alleged negligent manner in which appellant, at or near the intersection of Junipero Serra Boulevard and Alemany Boulevard in the city and county of San Francisco, drove and operated his automobile so as to cause same to collide with an automobile in which respondent was riding

as a guest. The notice of appeal also states that it is from the denial of motion for judgment in favor of appellant notwithstanding the verdict of the jury; from the order of court denying appellant's motion for a new trial; from the order of court denying appellant's motion to consolidate this action with another filed by appellant arising out of the same accident and from the order of court denying appellant's motion for a continuance. Counsel's brief, however, does not discuss the latter matter.

(1) In the order of presentation in appellant's brief the first point is that "The evidence is insufficient to justify the verdict, which is therefore contrary to law, and for that reason this case does not fall within the rule that negligence and proximate cause are usually questions of fact for the jury, the verdict of which will not be disturbed on appeal."

The undisputed evidence shows that at 7:30 P. M. or thereabouts on April 13, 1932, one Ellsworth was driving his Hudson sedan in a southerly direction along said Junipero Serra Boulevard, hereinafter referred to as Junipero Serra; that respondent Muench was seated with him in his car and was riding with him as his guest; immediately preceding and up to and at the time of the collision the Hudson car did not exceed a speed of from 20 to 25 miles per hour; Junipero Serra runs generally north and south and at the scene of the accident is 100 feet in width from curb to curb; Alemany Boulevard, hereinafter referred to as Alemany, intersects Junipero Serra from the east side thereof but does not cross Junipero Serra on the west side; Alemany runs in a general northeast and southwest direction so that the intersection is not at a right angle, and by reason thereof the curb line running from Junipero Serra into Alemany at the northeast corner is rounded semi-circularly, making Alemany at the intersection with Junipero Serra approximately 240 feet from curb to curb; both boulevards were completely paved from curb to curb; it was after dark at the time with the street lights lit; the night was clear; the pavement was dry; the headlights on each automobile were lit; a view of the intersection as well as the view from one automobile to the other was clear and unobstructed; Ellsworth in his Hudson made a left-hand turn from his right-hand side of Junipero Serra into Alemany, cutting the turning-button, and while in that act and after he had

made the turn and his car was headed east toward Alemany, the right front half of his Hudson car was struck at right angles by the front end of the Packard sedan driven by appellant, the actual position of the two cars where they came to rest after the collision; the force of the collision was such that the Hudson automobile was thrown a considerable distance sideways, coming to rest approximately 80 feet north of the point of the collision; appellant's Packard moved approximately 40 feet forward after the collision, stopping at right angles to the direction in which it was traveling at the time of the impact; and the extent of the injuries to the respondent.

The disputed evidence relates to the actual place in or near the intersection where the collision took place, whether the impact was within the northerly pedestrian lane of Junipero Serra or southerly thereof; the speed of the Packard car just prior to and at the time of the collision; its distance south from the Hudson car at the time Ellsworth started his left-hand turn. The testimony of Ellsworth was that as he approached the point where he was about to make the left-hand turn and as he commenced to make the left-hand turn, the Packard was about 400 feet away to the south; another witness testified the Packard was 125 to 150 feet south of the point of collision after the Hudson had completed the turn and was actually headed easterly; still another witness testified the Packard was from 175 to 200 feet south of the point of collision when the Hudson began to make its left turn. The Hudson was from one-half to two-thirds of the distance across the easterly half of Junipero Serra before the collision took place. The speed of appellant's Packard was estimated at from 55 to 65 miles per hour. A police officer testified he had had a conversation with the appellant at the hospital shortly after the accident at which time appellant stated, "He was going about 45 miles an hour." Appellant denies having had such conversation with the officer. Appellant further testified that the Hudson suddenly turned left in front of him when only a few feet from the front of the Packard.

Counsel for appellant does not dispute that it is the law "where two parties are guilty of negligence and their negligence concurs in bringing about the accident they are both liable, and the third party not guilty of contributory

442

negligence is entitled to recover from either or both", as set forth in *Blackwell* v. *American Film Co.*, 48 Cal. App. 681 [192 Pac. 189]; *Tucker* v. *United Railroads*, 171 Cal. 702 [154 Pac. 835]; *Sego* v. *Southern Pac. Co.*, 137 Cal. 405 [70 Pac. 279]; *Springer* v. *Pacific Fruit Exchange*, 92 Cal. App. 732 [268 Pac. 951]; *Burke* v. *Dillingham*, 84 Cal. App. 736 [258 Pac. 627]; *Berges* v. *Guthrie*, 51 Cal. App. 547 [197 Pac. 356]; *Truitner* v. *Knight*, 83 Cal. App. 655 [257 Pac. 447]; *Deagle* v. *Shane*, 108 Cal. App. 490 [291 Pac. 652]. ▉ The contention, however, is made that from all the evidence in this case the trial court should have held as a matter of law, either that there was not any negligence on the part of appellant or any negligence on the part of appellant that in any way contributed to the injuries suffered by respondent, and that the sole proximate cause of injury to respondent was the negligence of her host, Ellsworth, the driver of the car in which respondent was riding as a guest. Counsel claims as a matter of law that a left-hand turn made under the circumstances presented by the evidence in this case becomes the sole proximate cause of the resulting collision and cites in support thereof *Donat* v. *Dillon*, 192 Cal. 426 [221 Pac. 193], which likewise was a guest case. The negligence of the driver of the car in which that guest was a passenger was conceded at the trial— the question to be determined under the facts was, Was the driver of the other car making the left-hand turn also guilty of negligence? The rule applied in that case applies with equal force to the drivers of both machines, namely, "As we see it, this case falls within the general rule that negligence is a question of fact for the trial court or jury." (Bottom page 428.) And, "A motorist must at all times use due care to avoid colliding with another; he must be ever alert and watchful, so as not to place himself in danger, and while he may assume that others will exercise due care, he cannot for that reason omit any of the care which the law demands of him." (Page 429.)

*Lynn* v. *Goodwin*, 170 Cal. 112 [148 Pac. 927, L. R. A. 1915E, 588], is not of help in this case, as the court found that the defendant was not negligent, but that the negligence of Metcalf, driver of the car in which plaintiff was a guest, in driving around a load of brush on the wrong side of the road, was the proximate cause of the accident,

that at the time Metcalf was under the influence of liquor and drunk, and that plaintiff "knew this, and a reasonably prudent person would not have ridden in the automobile with Metcalf in his condition of inebriety".

*Solko* v. *Jones,* 117 Cal. App. 372 [3 Pac. (2d) 1028], likewise is not a case in point, as that is a case where the widow sued and the evidence showed that her husband, with whom she was driving, was guilty of negligence. His negligence was imputed to his wife.

In *Sharkey* v. *Sheets,* 87 Cal. App. 99 [261 Pac. 1049], another left-hand turn case cited by appellant, the verdict was for the defendant and plaintiff appealed. The court in that case said, page 102: "The evidence convinces us that it was entirely a matter within the province of the jury to decide in this case that the truck driver was guilty of no actionable negligence."

A reading of the transcript of the testimony at the trial from which the facts are epitomized as above shows that there was a decided conflict relating to the facts bearing upon negligence and proximate cause. Such a conflict existing, it became a question for the jury and their finding thereon will not be disturbed by the reviewing tribunal.

■ (2) Appellant contends the trial court erred in denying his motion for a new trial on the ground that the evidence was insufficient to justify the verdict, relying not only on the point hereinbefore discussed but upon the further fact that in its minute order the trial court recited "it is ordered by the Court that said motion be ordered that if plaintiff files a stipulation herein . . . reducing the judgment to $10,000, the motion for a new trial be denied, otherwise the said motion will be granted on the ground of insufficiency of the evidence to justify the verdict". Respondent, within the time fixed by the minute order, filed her stipulation consenting to a reduction of the judgment from $15,000 to $10,000, whereupon the court made its minute order, after reciting that fact, "it is ordered by the court that the motion of defendant for a new trial be and the same is hereby denied," and in addition thereto filed its written "order denying motion for new trial". Appellant argues that by the use in the said minute order of the phrase "on the ground of insufficiency of the evidence to justify the verdict", the trial court could have had in

444

mind only one thing, namely, ground 12 of appellant's motion for a new trial, "insufficiency of the evidence to justify the verdict". Without doubt, had the trial court believed as to the case in its entirety that the evidence was insufficient to justify any verdict or judgment for respondent it would have so granted a motion for a new trial and not merely have reduced the amount of the damages. This is borne out by the fact that the trial court (a) at the close of the evidence denied a motion by appellant for a directed verdict in his favor and permitted the case to go to the jury for its verdict; (b) after the entry of the verdict denied the motion of appellant made pursuant to section 629 of the Code of Civil Procedure, that the court entered a judgment in his favor notwithstanding the verdict of the jury; (c) after respondent had filed her consent to the reduction of the amount of the judgment made its minute order denying the motion for a new trial; and (d) filed its written order denying motion for new trial.

We agree with respondent that the trial judge "apparently felt that the evidence was amply sufficient to support the verdict in favor of the plaintiff and against the defendant, but, in his opinion, the jury had granted too much in damages and it was his judgment $10,000 would compensate the plaintiff for the injuries sustained by her . . . the evidence was insufficient to justify a verdict in the sum of $15,000, but was sufficient to justify a verdict for $10,000".

In *Etchas* v. *Orena*, 121 Cal. 270, 272 [53 Pac. 798], we find: "The rule that the trial court may set aside a verdict, if in its opinion it is not sustained by the evidence, or may direct a new trial unless the plaintiff will remit a portion of the verdict if in its opinion the verdict is for more than the evidence will justify, is so well established that it is not necessary to cite authorities in its support." And this has been and is the rule in this state.

In *Dreyer* v. *Cyriacks*, 112 Cal. App. 279, commencing at bottom page 283 [297 Pac. 35], "Furthermore, where a trial court grants a new trial upon the ground that the verdict is excessive, the declaration of the court that it is excessive does not necessarily mean that the trial court was of the opinion that the verdict was the result of passion or prejudice. It is susceptible of the interpretation that the trial

court was not satisfied that the finding of the jury as to the extent of the damage suffered by the plaintiff was supported by the evidence adduced upon that phase of the case. (*Meinberg* v. *Jordan*, 29 Cal. App. 760 [157 Pac. 1005].)"

In *Griffey* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 509, we find, bottom page 512 [209 Pac. 45]: "Whether it" (the order granting motion for a new trial on the ground of excessive damages) "was made on the ground that, irrespective of the influence of any passion or prejudice, the evidence fails to show that the pecuniary loss suffered by plaintiff amounted to ten thousand dollars, or whether it was made . . . on the ground that the verdict was influenced by passion and prejudice, in either case the statement in the order that it is made on the ground of 'excessive damages' is tantamount to a specification that the new trial was granted on the ground of the insufficiency of the evidence to sustain a verdict for ten thousand dollars . . . for, as our Supreme Court has pointed out, to say that a verdict has been influenced by passion or prejudice is but another way of saying that it exceeds any amount justified by the evidence." (Citing cases.)

For these reasons we cannot agree with the contention of appellant on this point.

(3) In the examination of jurors for cause counsel for respondent asked: "Q. Are any of you ladies and gentlemen policy holders in the Pennsylvania Indemnity Company? . . . Q. Are any of you stockholders in any insurance company writing automobile liability insurance?" To each of these questions counsel for appellant objected on the ground that "it is incompetent, irrelevant and immaterial". The trial court overruled the objection.

Appellant claims the ruling to be reversible error for the reason that appellant was precluded from having a fair trial and in support of his contention cited *Ashley* v. *Pinney*, 74 Cal. App. Dec. 572 [24 Pac. (2d) 824] (in which case is cited *Citti* v. *Bava*, 204 Cal. 136 [266 Pac. 954], and *Squires* v. *Riffe*, 211 Cal. 370 [295 Pac. 517]); *Daniel* v. *Asbill*, 97 Cal. App. 731 [276 Pac. 149]; *Arnold* v. *California Portland Cement Co.*, 41 Cal. App. 420 [183 Pac. 171].

In the Ashley case there was evidence of compromise by the insurance carrier.

In the Citti case there was evidence of compromise and settlement (page 138): "The evident purpose of counsel for the plaintiff was to prove the fact of the compromise and settlement . . . by the insurance carrier of the defendant as an admission of liability on the part of the defendant and to get before the jury the fact that the defendant was indemnified by a policy of insurance." Page 139: "The natural tendency of a line of examination that suggests to the jury that the defendant is indemnified against any judgment for damages against him is highly prejudicial to his right. . . . Such attempts on the part of counsel have frequently been held to be improper and prejudicial." (Citing cases.)

In *Squires* v. *Riffe, supra,* we find that the evidence given was that that was "the reason she had insurance".

In *Arnold* v. *California Portland Cement Co., supra,* also cited by appellant, we have an exhaustive discussion as to the limits to which counsel may or may not go in this matter. In that case it was found to be reversible error for counsel to propound questions carrying "with it the implication, if not the direct assertion, that appellant was insured by a casualty insurance company against any financial loss it might sustain by reason of the injury to respondent". That ruling has been repeatedly sustained. (*Ashley* v. *Pinney, supra; Citti* v. *Bava, supra; Squires* v. *Riffe, supra.*)

Without citing other authorities it is without question the law of this state that it is improper either directly or indirectly to get before the jury any fact which conveys the information that the defendant is insured against loss in case of a recovery against him; and for the trial court to strike answers conveying such information and to instruct the jury not to consider such information will not correct the error.

Likewise, in *Arnold* v. *California Portland Cement Co., supra,* at page 425, we find: "It is entirely proper for counsel to ask the jurors such questions as may reasonably be necessary to ascertain whether they are free from a bias or interest that may affect their verdict. To this end it is proper for counsel, in good faith, to ask of each juror whether he is interested as an agent or stockholder or otherwise in a specified casualty company. Or he may be asked the broad question whether he is interested in any insur-

ance company insuring against liability for negligence. . . . But counsel must take pains to propound such questions in such a manner as not unnecessarily to convey the impression that the defendant is in fact so insured.''

This, supported by a long line of opinions, is the recognized law of the state. (*Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646]; *Nichols* v. *Nelson*, 80 Cal. App. 590 [252 Pac. 739] [hearing denied by Supreme Court]; *Daniel* v. *Asbill, supra; Hasty* v. *Trevillian*, 102 Cal. App. 405 [283 Pac. 148] [hearing denied by Supreme Court].)

It necessarily follows that the questions asked were entirely proper.

██ (4) The final contention made is that the trial court erred in denying the motion of appellant to consolidate for trial this case with one brought by appellant against Ellsworth et al., which latter case arose out of the same collision which was the basis of the action at bar. Section 1048 of the Code of Civil Procedure provides: ''An action may be severed and actions may be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right.'' We can see no abuse of discretion in the actions of the two trial judges, each of whom denied the respective motions to consolidate.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.