[Civ. No. 9930.   First Appellate District, Division One.—October 26, 1936.]

ROBERT NORTH, a Minor, etc., Respondent, v. E. L. VINTON, Appellant.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

R. M. Holstein and Jensen & Holstein for Respondent.

KNIGHT, J.—The defendant appeals from a judgment entered against him in conformity with the verdict of a jury in a personal injury action involving a collision between a bicycle which plaintiff, fourteen years of age, was riding, and an automobile driven by defendant. As the result of the impact plaintiff was rendered unconscious and besides suffering numerous severe cuts and bruises about the head

and face he sustained a fracture of the neck of the left humerus. Damages were assessed in the sum of $2,500.

The first ground of appeal is that the verdict and judgment are contrary to the evidence and the law, and it is based upon the following contentions: that no fact or circumstance was disclosed by the evidence tending to prove that defendant was guilty of any negligent act or omission; that neither the actual nor proximate cause of the accident was revealed, much less judicially proved; and that in any event the circumstances attending the accident as shown by the evidence are such that no inference of negligence on defendant's part can be reasonably drawn therefrom without inferring also that plaintiff was chargeable with contributory negligence.

The accident happened during the noon hour on East Julian Street midway in the block between North Fourth and North Fifth Streets in San Jose. East Julian Street is thirty-six feet wide, and plaintiff at the time of the accident was riding his bicycle westerly along the right-hand side thereof, toward North Fourth Street and approximately eight feet from the right-hand curb. Defendant was traveling along the same street and in the same direction, behind and to the left of the bicycle. He was driving a sedan automobile, and was accompanied by his wife, who sat beside him on his right. There was no traffic within the block, and no automobiles were parked along the sides of the street. Both vehicles were following a course straight ahead, and the automobile was traveling less than twenty miles an hour. Overtaking the bicycle the defendant ran up parallel with and proceeded to pass it on the left side, allowing a leeway between the two vehicles of three or four feet; but in some manner the bicycle came in contact with the side of the automobile, near the rear, apparently the left fender, as shown by the dents thereon; and plaintiff was injured.

Just what happened to cause the bicycle to come in contact with the automobile no one seems to know. There were no eye-witnesses to the impact; neither the defendant nor his wife saw the bicycle strike the automobile, nor could plaintiff account for its having done so. His testimony was that he was unaware of the approach of the automobile; that he was not swerving in his course; that

all of a sudden something struck him from behind and he "went up in the air and landed" and that is all he remembered until he regained his senses in the hospital. However, defendant's wife heard the impact and screamed. The automobile was stopped immediately, and upon alighting defendant and his wife found plaintiff lying on the pavement behind the right rear wheel of the automobile, wounded and unconscious. There was a conflict in the testimony as to whether defendant sounded his horn at any time before attempting to pass the bicycle. Defendant and his wife testified that they did sound the horn at least ten feet behind plaintiff and before they started to pass him. But plaintiff and a schoolmate who was riding a bicycle about fifty feet ahead of plaintiff denied having heard any horn; and plaintiff introduced other testimony which might have some tendency to show that defendant, in relating his version of the happening of the accident to a police officer and the doctor at the emergency hospital to which defendant drove plaintiff following the accident, failed to mention that he sounded his horn.

In support of the jury's verdict plaintiff contends that the evidence establishes two distinct negligent omissions on the part of defendant which were the sole proximate cause of the accident; first, failure to give any warning, or at least a timely warning, with his horn before attempting to pass the bicycle; and secondly, failure, under the conditions there present, to allow more than three feet leeway in attempting to pass the bicycle; and in this connection he cites subdivisions (d) and (a) of section 125 of the California Vehicle Act. As in force at the time of the accident those subdivisions declared as follows: "The driver of an overtaking motor vehicle when traveling outside of a business or residence district, *and under other conditions when necessary to insure safe operation,* shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction"; and, "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof *at a safe distance* and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle." (Italics ours.) In view of the statutory traffic rules thus prescribed it would seem

that even though the bicycle swerved into the side of the automobile while the latter was passing, as seems probable from the cross-examination of defendant's wife, there would still remain the questions of fact for the jury to decide as to whether the swerving was the result of plaintiff's negligence, and if so whether it was the sole or a contributing cause of the accident; or whether the two omissions of defendant relied upon by plaintiff constituted negligence on defendant's part, and if so whether such negligence was the sole or a contributing cause of the accident. Stated in a different way, it would appear that this is another case of traffic accident, which so frequently happens, wherein the state of the evidence is such that different minds may reasonably draw therefrom different conclusions as to whether the plaintiff or the defendant, or both, were at fault. And in the present case, when all of the circumstances attending the happening of the accident are taken into consideration, particularly the width of the street and the fact that there was no traffic thereon, also the fact that the accident happened at noonday and that defendant saw plaintiff in plain view a considerable distance ahead before attempting to pass him, we are not prepared to hold, as a matter of law, that the inferences drawn by the jury that defendant was negligent in the operation of his automobile and that such negligence constituted the sole proximate cause of the accident are unsupported by the evidence.

Nor do we find any merit in defendant's further contention that he was precluded from having a fair trial on account of certain questions propounded by plaintiff's counsel to several of the jurors on *voir dire* as to whether they held any stocks or bonds or other securities in any automobile accident or casualty company or in any surety company, and by the testimony given by two of plaintiff's witnesses wherein the matter of insurance was mentioned by them in relating certain declarations they claimed the defendant made to them at the emergency hospital shortly after the accident, concerning the circumstances thereof.

The questions propounded to the jurors were almost identical in form with those asked in the case of *Daniel* v. *Asbill*, 97 Cal. App. 731 [276 Pac. 149], and as there held, such questions are permissible, and if asked in good faith

and are so framed that they do not convey the impression that the defendant is in fact insured, no error is committed. The questions here complained of do not transgress any of the limitations of this rule.

With respect to the two witnesses whose testimony is made the subject of defendant's second complaint, it may be stated generally that while a reference to the fact that defendant is insured against liability may be highly prejudicial, and courts do not hesitate to set aside verdicts of juries where such evidence is improperly admitted, it is a well-settled exception to the general rule that where a defendant makes a statement which may be fairly construed as an admission or acknowledgment of responsibility and as a part of the same statement makes incidental reference to the fact that he carries insurance, the entire statement is admissible, not to prove the fact of insurance, but solely because the reference to the insurance is part of the admission. (*Handley* v. *Lombardi*, 122 Cal. App. 22 [9 Pac. (2d) 867], and cases cited; *Harju* v. *Market Street Ry. Co.*, 114 Cal. App. 138 [299 Pac. 788]; *Noble* v. *Bacon*, 129 Cal. App. 177 [18 Pac. (2d) 699].) In other words, under the circumstances above stated the entire statement is admissible, even though it does reveal that the defendant carries indemnity insurance. (*King* v. *Wilson*, 116 Cal. App. 191 [2 Pac. (2d) 833].)

One of the witnesses referred to was the doctor at the emergency hospital. He testified that he asked the defendant how the accident happened and that the defendant stated he was driving west on Julian Street, that he was back of the boy, and in passing that he collided with him; continuing, the witness stated that defendant told him "to take care of the boy, that he was insured with the Pacific Indemnity Company—". At this point counsel for defendant interrupted with an objection, and the court promptly struck out "the insurance part" of the answer. Testimony to the same substantial effect was given in the case of *King* v. *Wilson, supra,* and on appeal it was held admissible. However, and in any event, here, as in that case, the portion of the statement relating to insurance was stricken out and the jury admonished to disregard it. Consequently, under the circumstances stated, no prejudicial error appears. (*Weiner* v. *Mizuta,* 6 Cal. App. (2d) 142 [44 Pac. (2d)

421]; *Bamber* v. *Belprez*, 15 Cal. App. (2d) 110 [58 Pac. (2d) 1325].) In the cases of *Squires* v. *Riffe*, 211 Cal. 370 [295 Pac. 517], and *Citti* v. *Bava*, 204 Cal. 136 [266 Pac. 954], upon which defendant relies, the matter of insurance was sought to be introduced in connection with testimony which was wholly inadmissible in the case. As will be seen, therefore, those cases are not in point.

The other witness was plaintiff's stepfather, who testified that in reply to his question as to the cause of the accident the defendant stated that he "was not sure", that he "wasn't paying enough attention", and that he collided with the boy. The witness was then asked by counsel for plaintiff if he had given all the conversation or if there was any more, and the witness replied, "Well there is conversation about—I asked him if he has got any insurance"; but before he could complete his answer defendant's counsel objected and counsel for plaintiff stated, "That may go out." Afterwards, on motion of defendant's counsel the statement of the witness "regarding insurance" was stricken out by the court and the jury admonished to disregard it. It is apparent, therefore, that under the law as declared in the cases above cited no ground for reversal exists.

Besides interposing the objections and the motions to strike above mentioned, defendant, as was his legal right (*Squires* v. *Riffe, supra*), moved several times for a mistrial, and in each instance his motions were denied. The denial of the motions is not assigned as error, but defendant complains that the "brusque" manner in which the court ruled on the motions undoubtedly prejudiced defendant's case in the minds of the jury. In this respect the record shows that the remarks of the court in ruling on said motions, especially the last time, indicate a spirit of considerable displeasure which does not appear to have been warranted by the mere making of the motions, but in our opinion the remarks did not have the prejudicial effect upon the jury contended for by defendant.

Lastly, defendant assigns as error the failure of the trial court to rule on his motion to direct the jury to disregard the statement "... whose family are not wealthy" which he asserts was made by plaintiff's counsel during the course of the latter's argument to the jury. But no part of the argument made by plaintiff's counsel is

incorporated in the transcript, not even the sentence in which the above-mentioned statement is asserted to have been used. Consequently, there is nothing in the record to show under what circumstances the remark was made. Moreover, the record discloses that the court instructed the jury, among other things, that in arriving at its verdict it should be guided solely and entirely by the evidence introduced, and should not be swayed or influenced in the slightest degree by sympathy or prejudice for or against either party to the action.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 22, 1936.